```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Howard L. Wilson

    v.                                        Civil No. 04-337-JD
                                              Opinion No. 2005 DNH 011

New Hampshire Supreme Court

O R D E R

Howard L. Wilson, proceeding pro se, filed suit against the New Hampshire Supreme Court, contending that the court's decision, In re Petition of Below, 151 N.H. 135 (2004), which found that the state legislature had the authority to amend the court's redistricting plan, violates the federal prohibition against ex post facto laws along with provisions of the New Hampshire Constitution.  Wilson seeks $2000.00 in compensation for money he spent to run as a candidate in a district that was subject to the legislature's redistricting.

Ordinarily, Wilson's pro se complaint would have been reviewed for subject matter jurisdiction by the magistrate judge before any further proceedings in the case.  Wilson, however, mailed copies of his complaint to New Hampshire Senator Clifton Below, and to four of the justices of the New Hampshire Supreme Court and one former justice before preliminary review was completed.  In response, the New Hampshire Supreme Court, represented by the Office of the Attorney General, and Clifton

Below, proceeding pro se, have filed motions to dismiss.  The question of subject matter jurisdiction will be addressed first.

I.  Jurisdiction

As the party asserting subject matter jurisdiction, Wilson bears the burden of showing that it exists.  Pejepscot Indus. Park, Inc. v. Me. Cent. Ry. Co., 215 F.3d 195, 200-01 (1st Cir. 2000).  To carry his burden, Wilson must show that either his claim raises a federal question, 28 U.S.C. § 1331, or that diversity of citizenship exists, 28 U.S.C. § 1332.  Since Wilson alleges that his residence is in New Hampshire and that he intended to run for political office here, his citizenship is not different from the New Hampshire Supreme Court, nor has he alleged damages within the jurisdictional amount.[1]  Reading Wilson's pro se complaint liberally to allege that the decision in In re Petition of Below, violates the prohibition against ex post facto laws in the United States Constitution, he has alleged a federal question under § 1331.  See, e.g., Smith v. Doe, 538 U.S. 84, 91 (2002) (considering ex post facto challenge pursuant to § 1983).

---

[1]Clifton Below received a copy of the complaint from Wilson and has filed a motion to dismiss.  Although Wilson seeks damages from "the settlement partners" of the challenged decision, Below is not named as a defendant in the complaint and will not be treated as such.

II.  Motion to Dismiss

The New Hampshire Supreme Court first contends that because its decision, In re Petition of Below, did not address a question of federal law, no federal question is raised in Wilson's complaint.  As is discussed above, because Wilson challenges the decision based on the Ex Post Facto Clause of the federal constitution, he raises a federal question for purposes of subject matter jurisdiction. § 1331.

The supreme court also argues that its decision does not violate the prohibition against ex post facto laws.  The Constitution's  Ex Post Facto Clause, Art. 1, § 10, cl.1, "prohibit[s] . . . the States from enacting laws with certain retroactive effects."[2]  Stogner v. California, 539 U.S. 607, 610 (2003); see also Miller v. Florida, 482 U.S. 423, 429-30 (1987).  Specifically, the Clause prohibits state legislatures from passing laws "which make innocent acts criminal, alter the nature of the offense, or increase the punishment."  Collins v. Youngblood, 497 U.S. 37, 46 (1990); accord Stogner, 539 U.S. at 611; see also Sheehan v. City of Gloucester, 321 F.3d 21, 25 (1st Cir. 2003) ("It is well settled that the prohibitions against ex

---

[2]In his pro se motion to dismiss, Below explains that the In re Petition of Below decision would not violate the prohibition against ex post facto laws by providing the chronology of the court's redistricting decisions, the legislature's redistricting enactments, and the election processes.

post facto laws apply only when the statute is criminal or is punitive in nature.").  As such, the Clause "'is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government.'"  <u>Rogers v. Tennessee</u>, 532 U.S. 451, 456 (2001) (quoting <u>Marks v. United States</u>, 430 U.S. 188, 191 (1977); <u>Evans v. Ray</u>, 390 F.3d 1247, 1250-52 (10th Cir. 2004); <u>Lemerick v. Wall</u>, 2004 WL 235435, at *2 (D.R.I. Jan. 24, 2004).  Therefore, the Ex Post Facto Clause does not apply to the supreme court's decision.

Wilson's remaining claims are based on provisions of the New Hampshire Constitution and, therefore, arise from state law rather than federal law.  When, as here, the court dismisses the federal claim that was the basis of original jurisdiction before trial, the court may in its discretion decline to exercise supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367(c).  That is appropriate in this case.  <u>See</u> <u>Cannarozzi v. Fiumara</u>, 371 F.3d 1, 6 (1st Cir. 2004).  Therefore, the court declines supplemental jurisdiction over Wilson's state law claims, which are dismissed without prejudice.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss (document no. 3) is granted as to the plaintiff's federal claim

based on the Ex Post Facto Clause.  The motion to dismiss filed by Senator Clifton Below (document no. 6) is terminated.  The court declines supplemental jurisdiction as to the plaintiff's remaining claims, based on state law, and those claims are dismissed without prejudice.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 24, 2005

cc:   Clifton Below, pro se
      Daniel J. Mullen, Esquire
      Howard L. Wilson, pro se